FILED
JAN 1 0 2023
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.   1:23CR00013SNLJ-ACL |
| | ) | |
| MAXINE MICHELLE BURNS, | ) | Title 18, U.S.C. § 1344(2) |
| | ) | Title 18, U.S.C. § 1014 |
| Defendant. | ) | Forfeiture Allegations |

## INDICTMENT

**THE GRAND JURY CHARGES THAT:**

At all times relevant to this indictment, unless otherwise specified below:

1. Sonshine Home Inc. was a Missouri Corporation owned by Leota Dicken, and conducting business at 2056 Hwy AA, Poplar Bluff, Butler County, in the Southeastern Division of the Eastern District of Missouri.

2. The defendant, Maxine Michelle Burns was an employee of Sonshine Home Inc. during all of January 2021 and remained an employee until she was terminated from her employment on or about October 12, 2021.

**The Paycheck Protection Program**

3. The United States Small Business Administration ("SBA") is an executive-branch agency of the United States government that provides support to entrepreneurs and small businesses. The mission of the SBA is to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in economic recovery after disasters.

4. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No. 116-136, 134 Stat. 281 (2020), is a federal law that was enacted in or around March 2020 to provide emergency financial assistance to the millions of Americans suffering the economic impact caused

1

by the COVID-19 pandemic. One source of relief provided for in the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses through the Paycheck Protection Program ("PPP"). The purpose of loans issued under the PPP was to enable small businesses suffering from the economic downturn to continue to pay salary, wages and to provide benefits, such as health insurance coverage, to their employees.

5.  To obtain a PPP loan, a qualifying business was required to submit a PPP loan application, signed by an authorized representative of the business. The PPP loan application required the business to acknowledge the program rules and make certain affirmative certifications to obtain the PPP loan. In the PPP loan application (SBA Form 2483), the small business (through its authorized representative) was required to certify: (a) that the small business was in operation on February 15, 2020; (b) the average monthly payroll expenses; and (c) the number of employees. These certifications were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for PPP loans were required to submit documentation supporting their payroll expenses.

6.  A PPP loan application was then processed by a participating lender. If a PPP loan application was approved, the participating lender funded the loan using its own monies, which were then guaranteed by the SBA. Generally, in the event that the borrower defaulted on a PPP loan, the SBA would purchase the borrower's debt from the lending financial institution and take on the responsibility for paying back the loan.

7.  PPP loan funds were required to be used on certain permissible expenses, including payroll costs, mortgage interest, rent, and utilities for the business. In the PPP loan application (SBA Form 2483), the borrower must certify that "[a]ll SBA loan proceeds will be used only for business-related purposes as specified in the loan application and consistent with

2

the Paycheck Protection Program Rule." In that same application, the borrower must also certify that "[t]he funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments, as specified under the Paycheck Protection Program Rule."

8. Under the applicable PPP rules and guidance, the interest and principal on the PPP loan was eligible for forgiveness if the business spent the loan proceeds on these expense items within a designated period of time and used a certain portion of the loan toward payroll expenses.

9. The People's Community Bank of Greenville, Wayne County, in the Southeastern Division of the Eastern District of Missouri was a participating lender and issued PPP loans guaranteed by the SBA.

10. The People's Community Bank of Greenville Missouri was a financial institution within the meaning of Title 18, United States Code, Sections 20 and 1344, the deposits of which are insured by the Federal Deposit Insurance Corporation (FDIC).

## The Scheme to Defraud
## Count I
Bank Fraud (18 U.S.C. § 1344(2))

11. On or about January 20, 2021, in the Southeastern Division of the Eastern District of Missouri, the defendant, **Maxine Michelle Burns**, knowingly, and with intent to defraud, executed a scheme or artifice to obtain funds owned by, or under the custody or control of People's Community Bank of Greenville Missouri, a financial institution insured by the FDIC, by means of false or fraudulent pretenses, representations, or promises, in connection with an application for a Payroll Protection Program loan, in violation of Title 18, United States Code,

Section 1344(2).

## Manner and Means

12. On or about January 20, 2021, Maxine Michelle Burns ("Burns") applied for a PPP loan with the People's Community Bank of Greenville, Missouri, in the name of Sonshine Home Inc. for the amount of $167,997.00, which was approved by the SBA.

13. In the application for the PPP loan, Burns falsely represented that she was an authorized representative of Sonshine Home Inc. for purposes of applying for the PPP loan.

14. Burns used a signature stamp of Leota Dicken, to which she had access to for legitimate business purposes, to sign the application for the PPP loan, without the knowledge, consent or authorization of Leota Dicken.

15. Burns opened a new business checking account with the People's Community Bank in the name of Sonshine Home Inc. without the without the knowledge, consent or authorization of Leota Dicken, the owner of the business.

16. At Burns request, the amount of $167,997.00 in funds obtained from the PPP loan were deposited into the unauthorized bank account by the People's Community Bank.

17. Burns then spent the proceeds from the PPP loan for items which were not authorized by the terms and conditions of the loan, including, but not limited to paying for personal expenses, paying for the purchase of motor vehicles, vacations, and bonuses for herself.

## Count II
False Statement (18 U.S.C. § 1014)

18. Paragraphs 1-17 are realleged and incorporated by reference as if fully set forth herein.

19. On or about September 16, 2021, in the Southeastern Division of the Eastern

District of Missouri, the defendant, **Maxine Michelle Burns**, knowingly made a false statement to the People's Community Bank of Greenville Missouri, a financial institution insured by the FDIC for the purpose of influencing in any way an action of the Small Business Administration, namely an application for forgiveness of a Payroll Protection Program loan in violation of Title 18, United States Code, Section 1014.

## Manner and Means

20. On or about September 16, 2021, Burns submitted a SBA Form 3508EZ, application for PPP loan forgiveness for the amount of $167,997.00 to the SBA through the People's Community Bank of Greenville Missouri.

21. On that form, Burns falsely represented that; she was an authorized representative of Sonshine Home, Inc., that the funds obtained from the PPP loan had been used to pay business costs that were eligible for forgiveness, and that the funds sought to be forgiven included payroll costs equal to at least 60% of funds sought to be forgiven.

22. The form also included language, which Burns acknowledged, that read "I understand that if the funds were knowingly used for unauthorized purposes, the federal government may pursue recovery of the loan amounts and/or civil or criminal fraud charges."

23. Burns signed the application for loan forgiveness using her own name "Maxine Burns".

24. The SBA approved the application and forgave the loan, however, that action was premised upon the falsified application which Burns had submitted. Had Burns not falsified the application, the SBA would not have approved the application and forgiven the debt, as the funds were fraudulently obtained, and were spent in unauthorized ways.

## Forfeiture Allegation

The Grand Jury further finds by probable cause that:

Pursuant to Title 18, United States Code, Section 982(a)(2)(A), upon conviction of an offense in violation of Title 18, United States Code, Section 1344, as set forth in Count I, the defendant shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation. Subject to forfeiture is a sum of money equal to the total value of the property, real or personal, constituting or derived from any proceeds traceable to such violation, which is at least $167,997.00.

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL

_____
Foreperson

SAYLER A. FLEMING
United States Attorney

_____
Tim J. Willis, # 62428MO
Assistant United States Attorney